RECEIVED
USDC, WESTERN DISTRICT OF LA.
TONY R. MOORE, CLERK
DATE 6/22/09
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 09-0001 |
| VERSUS | JUDGE ROBERT G. JAMES |
| WILLIAM J. ROBINSON | MAG. JUDGE KAREN L. HAYES |

RULING

Before the Court is Defendant William J. Robinson's ("Robinson") appeal [Doc. No. 20] of Magistrate Judge Karen L. Hayes's Judgment [Doc. No. 19] sentencing Robinson to six months imprisonment for a driving-while-under-the-influence ("DWI") offense. Robinson filed a memorandum in support of his appeal [Doc. No. 23], and the United States of America (the "Government") filed a memorandum in opposition [Doc. No. 24].

Robinson contends that a six month term of imprisonment is grossly disproportionate to the gravity of the offense and thus in violation of the Eighth Amendment's proscription against cruel and unusual punishment. Robinson argues that this was his first DWI offense, there was no accident, no one was injured, and his blood alcohol level was not excessively high. Robinson asserts, without providing support, that "[s]uch an offense, in other jurisdictions, state or city, would have resulted in a fine, community service, misdemeanor probation, and the like, not six months in prison." [Doc. No. 23, p. 3]. Robinson requests a term of imprisonment of three months or less.

In response, the Government argues that the six month sentence was within the advisory Sentencing Guidelines range (0–6 months) and was reasonable in light of Robinson's multiple positive tests for marijuana pending his sentencing. The Government also argues that the sentence does not violate Robinson's Eighth Amendment rights and accurately reflects the circumstances of

his case.

> [A] court's proportionality analysis under the Eighth Amendment should be guided by objective criteria, including (i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions.

*Solem v. Helm*, 463 U.S. 277, 292 (1983).

The Court finds that Robinson has failed to carry his burden of demonstrating that the sentence is grossly disproportionate to the gravity of the offense.

Robinson's appeal is DENIED, and Magistrate Judge Hayes's Judgment is AFFIRMED.

MONROE, LOUISIANA, this 22 day of June, 2009.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE